IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| RUTH A. MILLER | ) | |
| | ) | |
| Petitioner, | ) | Criminal Case No. 1:13-cr-175 |
| | ) | Civil Case No. 1:16-cv-825 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Ruth A. Miller's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On November 19, 2013, Petitioner Ruth Miller pleaded guilty to one-count information charging her with conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c). In the plea agreement, Petitioner explicitly waived her right to appeal her "conviction and any sentence within the statutory minimum." The matter was initially set for sentencing on March 28, 2014, but was continued until May 23, 2014. Petitioner failed to appear for her May 23 sentencing date. Upon learning from Probation that Petitioner tampered with and removed her GPS monitoring bracelet, the Court issued a bench warrant for her arrest.

Petitioner was arrested on October 11, 2014 and appeared in court on October 14, 2014. On October 14, Petitioner's counsel, Daniel Lopez, moved to withdraw from the case, and the Court appointed Todd M. Richman, an Assistant Federal Public Defender, to represent Petitioner in connection with her bond revocation and sentencing for the underlying conviction. On December 19, 2014, Petitioner was sentenced to 84 months of imprisonment followed by 5 years of supervised release, which is well below the life sentence recommended in the guidelines. Petitioner did not appeal.

On June 14, 2016, Petitioner filed a motion requesting an attorney to review her case in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner filed the instant motion under 28 U.S.C. § 2255 on June 27, 2016. Her motion states two grounds for relief: (1) ineffective assistance of counsel for failure to file an appeal on her behalf, and (2) the statute under which she was convicted was unconstitutionally vague based on Johnson v. United States, 135 S. Ct. 2551 (2015).

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or

2

that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In her first ground for relief, Petitioner asserts that she received ineffective assistance of counsel because her attorney failed to file an appeal following her plea of guilty. This claim is both time-barred and without merit. Under § 2255(f), a petitioner may seek relief within one year of the date on which the:

> (1)   . . . judgment of conviction becomes final;
>
> (2)   . . . impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   . . . right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   . . . facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment became final in January 2015, so (f)(1) does not apply to her June 2016 petition. Petitioner does not argue in her first claim that the government prevented her from

filing earlier or that the Supreme Court recently recognized a new right, so (f)(2)-(3) do not apply. While (f)(4) is the only provision that conceivably applies, Petitioner's first claim is also time-barred under (f)(4) because she did not exercise reasonable diligence in pursuing her claim. At the time her conviction became final, Petitioner knew that her attorney would not be filing an appeal yet she did not direct him otherwise. Finally, Petitioner does not make any argument for equitable tolling of the statute of limitations. Accordingly, Petitioner's claim is time-barred.

Furthermore, even if Petitioner's claim was not time-barred, her claim for ineffective assistance of counsel lacks merit. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court held that "[t]he proper standard for judging attorney performance is that of reasonably effective assistance." The Strickland standard is evaluated using a two-part test: first, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness; second, a petitioner must show that "the deficient performance prejudiced the defense." Id. at 687-88. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

For the first prong of the test, objective reasonableness is "simply reasonableness under prevailing professional norms"

4

regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, Strickland, 466 U.S. at 691, and courts should be reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

To satisfy the second prong of the test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 669. A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." Id. at 687. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697)).

5

An attorney is per se ineffective by failing to file an appeal after being directed to do so by his client. United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000). If the client does not affirmatively direct the attorney to file an appeal, the attorney should consult with and advise his client regarding an appeal. Id.

Here, Petitioner failed to direct her attorney to file an appeal, but her attorney did not fail to discuss with her the pros and cons of filing an appeal. Petitioner's own motion corroborates this as she stated that she "spoke with counsel about the status of her appeal." Her attorney informed her that her plea agreement prohibited her from appealing her case. In sum, Petitioner never directed her attorney to file an appeal, and Petitioner waived her appellate rights when she pleaded guilty.

In her second claim for relief, Petitioner asserts that the statute under which she was convicted was unconstitutionally vague based on Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act was unconstitutionally vague and violates the Due Process Clause. Id. at 2563. The Armed Career Criminal Act provides that "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more

6

previous convictions for a 'violent felony[.]'" Id. at 2255. The residual clause of the Act defines violent felony to include "conduct that presents a serious potential risk of physical injury to another." Id. at 2255-56. The Supreme Court held that this clause was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557.

Johnson has nothing to do with Petitioner's conviction for conspiring to commit sex trafficking in violation of 18 U.S.C. § 1591(a) and § 1594(c). She was not convicted of a firearm offense. She was not convicted or sentenced under the Armed Career Criminal Act. She was not convicted under a statute with a residual clause or language even arguably similar to Johnson. Further, despite her claim that the word "force" is unclear, Petitioner is still not entitled to relief because force is not a required element of the offense for which she pleaded guilty. Thus, Johnson does not provide Petitioner with a valid ground for the relief she seeks.

In sum, Petitioner received the effective assistance of counsel throughout her case, and there is no merit to her claim under Johnson. Therefore, Petitioner's motion is DENIED.

An appropriate order shall issue.

                                               /s/ Claude M. Hilton
                                            CLAUDE M. HILTON
                                            UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 18, 2016